**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

IN RE:Frank J. Marchese      : **CHAPTER 13**
      xxx-xx-1686             :
      420 Washington Avenue   :
      Media, Pa 19063         : **CASE NO.09-14519JKF**
                              :
            Debtor            :
                              :
                              :
                              :
                              :
_____


### DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN

1.   The future earnings of the Debtor are submitted to the
supervision and control of the Trustee and the Debtor shall pay
the Trustee the sum of:

     $  360.21 per month, for a period of five months,

(totaling $1,801.05) commencing on or about July 17, 2009; and

     $    0.00 for a period of one month, being December,

2009; and

     $  538.89 per month for a period of fifty-four months,

(totaling $29,100.06) for a total of:

     $ 30,901.11,over a period of 60 months

2.   From the payment so received, the Trustee shall make
distributions in the following order of payment:

     (a)  To the Standing Trustee, his costs, expenses and
commissions in accordance with certain statutes, then

     (b)  To the Attorney for the Debtor, in the sum of $1,000.00
or such sum as is allowed by the Court, upon application duly
made and order entered, then

     (c)  For or on account of administration expenses provided
for under the Code or allowed by the Court, then

     (d) To the Priority Creditors of the Debtor, full payment in
deferred cash payments, of all claims entitled to priority under

§ 507 of the U.S. Bankruptcy Code. No Priority Creditors

(e)   To the secured creditors of the Debtor (s), as follows:

Secured Claim Of Americredit Financial Services Inc. (Claim 1) to be paid entirely outside of the Chapter 13 Plan. No adequate protection payments shall be required as Debtor is making direct payments under the Contract.

(f) The following properties are surrendered to their respective secured creditors in full satisfaction of their respective claims:

| Property | Creditor |
|---|---|
| 4755 Richmond St., Phila., PA (First Mortgage) | HRC/HSBC (Claim 8) |
| 4755 Richmond St. Phila., PA (Second Mortgage) | HFC/HSBC (Claim 7) |
| Vacation Real Estate Time-Share | Mariott |

(g)The former secured claim of W.S. Badcock Corporation (Claim 4-1) has been withdrawn in toto.

(h) There are no other secured claims filed in Debtor's case.

(i)  Subsequent to/ pro rata with dividends to secured creditors (if any) dividends to unsecured creditors whose claims are timely filed, and duly allowed as follows:

Unsecured Creditors To Be Paid 100% Of Filed And Allowed Claims

3.   The following executory contracts are rejected: None

4.   The following executory contracts are assumed:  None

5.   The amount of a creditor's claim shall be fixed by the sum set forth in the Plan (as a percentage of the total amount to be paid through the plan). In absence of an objection, and if the Plan is confirmed, this amount shall constitute a finding as to the arrears owed.

6.   Title to the debtor's property shall revest in the debtor on confirmation of the Plan/ upon dismissal of the case after

confirmation pursuant to the Bankruptcy Act.


Dated:November 19, 2009          /s/*Frank J. Marchese*
                                 Frank J. Marchese, Debtor

Responses to: Wayne R. Cromie, Esquire, 2240 DeKalb Pike, E. Norriton PA 19401
Fax No. 610-272-9224